UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISOIN

| | | |
|---|---|---|
| BRANDI TURNER, | ) | |
|                Movant, | ) | |
| | ) | |
|    vs. | ) | Case No. 2:13-cv-239-JMS-WGH |
| | ) | Case No. 2:10-cr-18-JMS-CMM-07 |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ′ 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Brandi Turner ("Turner") for relief pursuant to 28 U.S.C. ′ 2255 must be **denied** and this action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The ′ 2255 Motion

*Background*

On August 8, 2010, Turner was charged in a nine-count, multi-defendant, Indictment for drug related offenses. On May 3, 2011, Turner filed a Petition to Enter a Plea of Guilty. A Plea Agreement pursuant to *Federal Rules of Criminal Procedure* 11(c)(1)(B) was filed. [Crim. Dkt. Nos. 89 and 90.] The Plea Agreement provided that Turner would plead guilty to Count One and Two as charged in the Indictment. Turner also "expressly waive[d] her right to appeal the conviction and any sentence imposed on any ground, . . . [and] also expressly agree[d] not to contest, or seek to modify, her conviction or her sentence or the manner in which it was determined in any proceeding, including but not limited to, an action brought under 28 U.S.C. § 2255." [Plea Agreement, Crim. Dkt. 90 at ¶ 10.] In exchange for Turner's plea of guilty, the Government agreed to recommend a sentence at the minimum of the applicable sentencing guideline range.

On June 1, 2011, a plea hearing was held and the Court accepted Turner's plea and adjudged her guilty of Counts 1 and 2 as charged in the Indictment. [Docket No. 115.]

On August 12, 2011, the Court held a sentencing hearing. The Court sentenced Turner to 60 months in prison, to be followed by three years of supervised release. [Docket No. 163.] Turner was also assessed the mandatory assessment of $200. The judgment of conviction was entered on August 16, 2011. Turner did not appeal her conviction or her sentence.

On June 21, 2013, Turner filed what this Court considered to be a motion for relief pursuant to 28 U.S.C. § 2255. [See Crim. Docket Nos. 222-25.]

*Discussion*

Turner's § 2255 motion suggests that she is entitled to relief based on the Supreme Court's ruling in *Dorsey v. United States*, 132 S.Ct. 2321, 2323 (2012).[1] Specifically she seeks a reduced sentence so that she can care for her young children and because of her demonstrated efforts to better herself while in prison. In addition to other defenses, the United States argues that Turner is not entitled to relief because her ' 2255 motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* Turner did not appeal her conviction or her sentence, thus her conviction became final August 30, 2011. *Clay v. United States*, 537 U.S. 522, 532 (2003); 28 U.S.C. § 2255(f)(1). The last day on which Turner could have filed a timely § 2255 motion was August 30, 2012. Turner's motion is untimely by almost a year.

---

[1] "*Dorsey* holds that persons sentenced on or after August 3, 2010, receive the benefit of the lower minimum and maximum sentences specified in the Fair Sentencing Act of 2010." *U.S. v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013). *Dorsey*'s holding, however, could have no impact on Turner's sentence. As discussed above, Turner was charged and sentenced after the Fair Sentencing Act of 2010 became effective.

Turner did not reply to the Government's argument and there is no basis upon which the Court could conclude that equitable tolling is appropriate in this case. Accordingly, Turner's § 2255 motion is time-barred and summarily dismissed with prejudice on this basis.

*Conclusion*

For the reasons explained above, Turner is not entitled to relief in this action. Accordingly, her motion for relief pursuant to ' 2255 is **denied,** and this action must be **dismissed with prejudice**. Judgment consistent with this Entry shall now issue. A copy of this Entry and of the accompanying Judgment shall be entered in the underlying criminal action, Case No. 2:10-cr-18-JMS-CMM-7.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Turner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/30/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brandi Turner
09806-028
B4 – Federal Prison Camp
Alderson, WV 24910

Office of the United States Attorney
10 West Market Street Suite 2100
Indianapolis, IN   46204-3048